JOHN HENRY WRIGHT, ESQ.
Nevada Bar No. 6182
THE WRIGHT LAW GROUP, PC.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada  89102
Telephone:  (702) 405-0001
john@wrightlawgroupnv.com
Attorneys for Defendants
NV EAGLES and UNDERWOOD PARTNERS

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP, <br><br>Plaintiff,<br><br>vs.<br><br>TRAVATA AND MONTAGE AT SUMMERLIN CENTRE; UNDERWOOD PARTNERS, LLC; NV EAGLES, LLC; and NEVADA ASSOCIATION SERVICES, INC.,<br><br>Defendants, | CASE NO: 2:16-cv-00345-JCM-GWF<br><br>**DEFENDANTS UNDERWOOD PARTNERS, LLC AND NV EAGLES, LLC'S ANSWER TO COMPLAINT**<br><br>**AND**<br><br>**NV EAGLES LLC'S COUNTERCLAIM FOR QUIET TITLE AND DECLARATORY RELIEF**<br><br>**AND**<br><br>**NV EAGLES, LLC'S THIRD-PARTY COMPLAINT TO QUIET TITLE** |
| NV EAGLES, LLC,<br><br>Counterclaimant,<br><br>vs.<br><br>BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP,<br><br>Counterdefendant, | |
| NV EAGLES, LLC,<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>ANTHONY HOLDREN and KRISTINE A. HOLDREN,<br><br>Third-Party Defendant. | |

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

1

**DEFENDANTS UNDERWOOD PARTNERS, LLC AND
NV EAGLES, LLC'S ANSWER TO COMPLAINT**

AND

**NV EAGLES LLC'S COUNTERCLAIM FOR QUIET TITLE AND DECLARATORY RELIEF**

AND

**NV EAGLES, LLC'S THIRD-PARTY COMPLAINT TO QUIET TITLE**

COMES NOW Defendants UNDERWOOD PARTNERS, LLC, and NV EAGLES, LLC'S (hereinafter collectively "EAGLES") and for their Answer to the Complaint filed herein on February 19, 2016 (ECF 1), answers, denies, alleges and avers as follows:

1.  EAGLES admits the allegations contained in paragraphs 4, 5 and 12 of the Complaint

2.  EAGLES denies the allegations contained in paragraphs 11, 21, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 64, 65, 66, 67, 69, 70, 71, 72, 73, 74, 75, 78, 79, 80, 81 and 82 of the Complaint, insofar as such allegations are directed towards EAGLES.

3.  EAGLES is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 2, 3, 6, 7, 8, 9, 10, 13, 14, 15, 16, 17, 18, 19, 20, 22, 23, 24, 25, 26, 27, 28, 29, 30, 32, 34, 35, 47, 48, 49, 50, 63 and 77 of the Complaint and/or such are assertions of law rather than averments of fact and/or imply other facts as true that are not and/or are too vague as to be answered definitely without creating confusion and/or contain multiple allegations that cannot be answered singularly without creating confusion or providing an only partially correct response and/or require no response as they appear to be merely rhetorical statements referring to a document the contents of which speaks for itself, and therefore Defendants deny same without prejudice to amending this answer as more information becomes available or Plaintiff clarifies its allegations.

4.  In answering paragraphs 33, 62, 68 and 76, EAGLES reasserts each and every previous response to each repeated allegation.

2

5. In response to paragraph 31, EAGLES admits that Defendant UNDERWOOD PARTNERS, LLC paid $44,000 on May 24, 2013 and denies each and every other allegation contained therein.

6. Every other allegation in the Amended Complaint not specifically admitted or denied herein is denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against EAGLES upon which relief can be granted.

### SECOND DEFENSE

Plaintiff lacks standing to bring this action as they have been divested of title to the subject property by operation of law. Plaintiff has no equity or right of redemption in the Property and any such rights, which EAGLES denies exist, were extinguish as more than 30 months has passed since the sale of the property barring any such claims under any applicable Nevada law or other equitable law of redemption.

### THIRD DEFENSE

Regardless of the actions of the various HOA entities, EAGLES is vested with title as the foreclosure deed conforms with the requirements of NRS 116.31166 and as such all of said recitals are conclusively proven insofar as EAGLES is concerned, its title cannot be disturbed by any acts claimed by Plaintiff in its' Complaint.

### FOURTH DEFENSE

Plaintiff's action is barred by mootness.

### FIFTH DEFENSE

EAGLES intend to rely on the defenses of Waiver, Estoppel and Laches.

### SIXTH DEFENSE

EAGLES intend to rely on the defense of Knowledge and Acquiescence.

### SEVENTH DEFENSE

EAGLES intend to rely on the defense of Unclean Hands.

### EIGHTH DEFENSE

Plaintiff's claims are barred by equitable estoppel.

### NINTH DEFENSE

Plaintiff's claims are fraudulent and misleading and alleged with actual disregard for the laws of the State of Nevada specifically NRS 116.3116(5) which establishes the creation date of the HOA lien as the date the declaration is recorded which in this case is November 15, 2005 and not the date the Notice of Delinquent Assessment Lien is recorded which in this case was March 31, 2011.

### TENTH DEFENSE

Any claims regarding commercial reasonableness are barred due to lack of any such requirement at law under NRS §116.31164 nor §116.31166 and <u>Pro-Max Corp. v. Feenstra</u>, (2001) 117 Nev. 90, 95; 16 P.3d 1074, 1077, a lack of fraud or oppression bringing about the inadequate price <u>Golden v. Tomiyazu</u>, 79 Nev. 503, 504, 387 P.2d 989 (1963) and that the foreclosure sale price was the fair value of the Property. <u>BFP v. Resolution Trust</u>, 511 U.S. 531 (1994).

### ELEVENTH DEFENSE

Any and all claims regarding greater specificity in the notices provided by statute are expressly barred and have been raised, argued, discussed and dismissed by the decision of the Nevada Supreme Court in *SFR Investments Pool I, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 418-419 (Nev. 2014) denying the need for more specificity in the statutory notices, specifically a breakdown of the super-priority amount, under *In re Medaglia*, 52 F.3d 451, 455 (2nd Cir. 1995).

### TWELFTH DEFENSE

EAGLES is a bona fide purchaser under *Shadow Wood HOA v. New York Community Bancorp*, 132 Nev. Adv. Op 5.

### THIRTEENTH DEFENSE

Plaintiff's claims for denial of due process are facially invalid and frivolous in light of its admitted receipt of notice of the default and election to sell and unsuccessful attempts to resolve the default.

### FOURTEENTH DEFENSE

There is no such thing as a cause of action arising out of the Supremacy Clause and Plaintiff's claims thereon are void *ab initio*.

### FIFTEENTH DEFENSE

EAGLES hereby incorporates by reference those affirmative defenses enumerated in Rule 8(c)(1) of the Federal Rules of Civil Procedure as if fully set forth herein. In the event further investigation or discovery reveals the applicability of any such defenses, EAGLES reserves the right to seek leave of court to amend this Answer to specifically assert any such defense. Such defenses are herein incorporated by reference for the specific purpose of not waiving any such defenses

WHEREFORE, EAGLES prays that this Honorable Court will:

1. Dismiss the Complaint with prejudice;
2. Award EAGLES its' attorneys' fees and costs;
3. Such further relief as this Court deems just and proper.

DATED: February 25, 2016.

THE WRIGHT LAW GROUP, PC

/s/John Henry Wright
JOHN HENRY WRIGHT, ESQ.
THE WRIGHT LAW GROUP, PC.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada  89102
Telephone:  (702) 405-0001
Facsimile:   (702) 405-8454
Attorneys for Defendant/Counterclaimant
EAGLES, LLC

### NV EAGLES, LLC'S COUNTERCLAIM

COMES NOW, Counter-claimant NV EAGLES, LLC, by and through its counsel of record, JOHN HENRY WRIGHT, ESQ., of the WRIGHT LAW GROUP, P.C., and for its Counterclaim, does hereby allege and aver as follows:

1. NV EAGLES, LLC, (hereinafter "EAGLES") at all times relevant herein was and is a Nevada limited liability company in good standing.

2. Upon information and belief, Counterclaim Defendant BANK OF AMERICA,


N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP ("BOA"), is and/or was a foreign limited liability company and presently claims some interest in 1887 Hollywell Street, Las Vegas, Nevada 89135, APN 164-02-613-004 (hereinafter the "Property").

3. The Property was acquired by EAGLES on May 24, 2013, by successfully bidding on the Property at a publicly-held foreclosure auction in accordance with NRS 116.3116, *et. seq.* ("Association foreclosure sale") by its predecessor-in-interest, UNDERWOOD PARTNERS, LLC.

4. On or about June 6, 2013, the resulting foreclosure deed was recorded in the Official Records of the Clark County Recorder as Instrument Number 20130606:02213 ("Foreclosure Deed").

5. Subsequently, title was transferred to NV EAGLES, LLC via Grant Bargain and Sale Deed, recorded on October 18, 2013 in the Official Records of the Clark County Recorder at Instrument Number 20131018:01171.

6. Since the Association foreclosure sale, EAGLES has expended additional funds and resources in relation to the Property.

7. Upon information and belief, the foreclosure sale was conducted by Nevada Association Services as agent for TRAVATA AND MONTAGE AT SUMMERLIN CENTRE, (the "Association") pursuant to the powers conferred by the Nevada Revised Statutes 116.3116, 116.31162-116.31168, the Association's governing documents (CC&R's) recorded on or about November 15, 2005 in the Official Records of the Clark County Recorder as Instrument Number 20051115:02541 and a Notice of Delinquent Assessments recorded on March 31, 2011, in the Official Records of the Clark County Recorder as Instrument Number 20110331:02120 for unpaid assessments and other related items ("Association Lien").

8. As recited in the Foreclosure Deed, the Association foreclosure sale complied with all requirements of law, including but not limited to, recording and mailing of copies of Notice of Delinquent Assessments and Notice of Default, and the recording, posting and publication of the Notice of Sale as required by Nevada Law.

9. Pursuant to NRS 116.3116(2), the entire Association Lien is prior to all other liens and encumbrances of unit except:

(a) Liens and encumbrances recorded before the recordation of the declaration and, in a cooperative, liens and encumbrances which the association creates, assumes or takes subject to;

(b) A first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent or, in a cooperative, the first security interest encumbering only the unit's owner's interest and perfected before the date on which the assessment sought to be enforced became delinquent; and

(c) Liens for real estate taxes and other governmental assessments or charges against the unit or cooperative.

10. NRS 116.3116(2) further provides that a portion of the Association Lien, up to a maximum of nine months, has priority over even a first security interest [first deed of trust] in the Property:

> [the Association Lien] is also prior to all security interests described in paragraph (b) to the extent of any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien[.]

11. Upon information and belief, the Association took the necessary action to trigger the super-priority portion of the Association Lien.

12. Upon information and belief, no party still claiming an interest in the Property recorded a lien or encumbrance prior to the declaration creating the Association.

13. Upon information and belief, EAGLES' bid on the Property was in excess of the amount necessary to satisfy the costs of sale and the super-priority portion of the Association Lien.

14. Upon information and belief, the Association or its agent, distributed or should have distributed the excess funds to lien holders in order of priority pursuant to NRS 116.3114(c).

15. Upon information and belief, Counterclaim Defendants had actual or constructive notice of the requirement to pay assessments to the Association and of the Association Lien.

16. Upon information and belief, Counterclaim Defendants had actual or constructive notice of the Association's foreclosure proceedings.

17. Upon information and belief, prior to the Association foreclosure sale, no individual or entity paid the <u>full amount</u> of delinquent assessments described in the Notice of Default or record or otherwise perfect any attempted partial tender thereof any actual or constructive notice of the lien dispute so as to cause or create a duty of inquiry as to EAGLES.

18. Upon information and belief, prior to the Association foreclosure sale, no individual or entity paid the entirety of the super priority portion of the Association Lien or as required under NRS §116.3116(2) representing 9 months of assessments for common expenses based on the periodic budget adopted by the association which would have become due in the absence of acceleration for the relevant time period.

19. Pursuant to NRS 116.31166, the foreclosure sale vested title in UNDERWOOD PARTNERS "without equity or right of redemption," and the Foreclosure Deed is conclusive against the Property's "former owner, his or her heirs and assigns, and **all other persons**."

20. The former owners, ANTHONY HOLDREN and KRISTINE A. HOLDREN, and Counterclaim Defendant's ownership interests in the Property were extinguished by the foreclosure of the Association Lien.

### FIRST CLAIM FOR RELIEF

(Declaratory Relief/Quiet Title Pursuant to
NRS 30.010, *et. seq.*, NRS 40.10 & NRS 116.3116)

21. EAGLES repeats and realleges the allegations of paragraphs 1-20 as though fully set forth herein and incorporates the same by reference.

22. Pursuant to NRS 30.010, *et. seq.* and NRS 40.10, this Court has the power and authority to declare EAGLES's rights and interests in the Property and to resolve the Defendants' adverse claims in the Property.

23. EAGLES is entitled to a declaratory judgment from this Court finding that: (1) EAGLES is the title owner of the Property; (2) the Foreclosure Deed is valid and enforceable; (3) the Association foreclosure sale extinguished Counterclaim Defendants' ownership and security interests in the Property; and (4) EAGLES's rights and interest in the Property are superior to any

adverse interest claimed by Counterclaim Defendants.

24.   EAGLES seeks an order from the Court quieting title to the Property in favor of EAGLES.

**WHEREFORE**, Counter-claimant prays this Honorable Court will award the following RELIEF:

1.   For an Order Quieting title in favor of EAGLES and for a declaration and determination that NV EAGLES, LLC is the rightful owner of title to the Property, and that Counterclaim Defendants be declared to have no right, title or interest in the Property.

2.   For general and special damages in excess of $10,000.00

3.   For an award of attorney's fees and costs of suit; and

4.   For any further relief that the Court may deem just and proper.

Dated this 25th day of February, 2016.

THE WRIGHT LAW GROUP, PC

/s/John Henry Wright
JOHN HENRY WRIGHT, ESQ.
THE WRIGHT LAW GROUP, PC.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada  89102
Attorneys for Defendant/Counterclaimant
NV EAGLES, LLC

## NV EAGLES, LLC'S THIRD-PARTY COMPLAINT

COMES NOW, Third-Party Plaintiff NV EAGLES, LLC, by and through its counsel of record, John Henry Wright, Esq., of the Wright Law Group, P.C., and for Third-Party Complaint ("Complaint"), does hereby allege and aver as follows:

### I. Parties

1.   NV EAGLES, LLC ("EAGLES") is a Nevada Limited Liability Company with its principal place of business in Clark County, Nevada and the current title owner of the property commonly known as (the "Property").

2.   Upon information and belief, Third-Party Defendants ,ANTHONY HOLDREN and KRISTINE A. HOLDREN, (hereinafter "HOLDREN") may claim an interest in 1887 Hollywell Street, Las Vegas, Nevada 89135, APN 164-02-613-004 (hereinafter the "Property")

9

1 | via a purchase of the Property and deed of trust dated August 28, 2009.

3. The Property was acquired by Defendant UNDERWOOD PARTNERS, LLC on May 24, 2013, by successfully bidding on the Property at a publicly-held foreclosure auction in accordance with NRS 116.3116, *et. seq.* ("Association foreclosure sale") and by paying the sum of $44,000.00.

4. On or about June 6, 2013, the resulting foreclosure deed was recorded in the Official Records of the Clark County Recorder as Instrument Number 20130606:02213 ("Foreclosure Deed").

5. Subsequently, title was transferred to Defendant NV EAGLES, LLC, via Grant Bargain and Sale Deed, recorded on October 18, 2013 in the Official Records of the Clark County Recorder at Instrument Number 20131018:01171.

6. Since the Association foreclosure sale, NV EAGLES, LLC, has expended additional funds and resources in relation to the Property.

7. Upon information and belief, the foreclosure sale was conducted by Nevada Association Services, Inc., as agent for TRAVATA AND MONTAGE AT SUMMERLIN CENTRE, (the "Association") pursuant to the powers conferred by the Nevada Revised Statutes 116.3116, 116.31162-116.31168, the Association's governing documents (CC&R's) recorded on November 15, 2005 in the Official Records of the Clark County Recorder as Instrument Number 20051115:02541 and a Notice of Delinquent Assessments recorded on March 31, 2011, in the Official Records of the Clark County Recorder as Instrument Number 20110331:02120 for unpaid assessments and other related items ("Association Lien").

8. As recited in the Foreclosure Deed, the Association foreclosure sale complied with all requirements of law, including but not limited to, recording and mailing of copies of Notice of Delinquent Assessments and Notice of Default, and the recording, posting and publication of the Notice of Sale as required by Nevada Law.

9. Pursuant to NRS 116.3116(2), the entire Association Lien is prior to all other liens and encumbrances of unit except:

(a) Liens and encumbrances recorded before the recordation of the declaration and, in a

cooperative, liens and encumbrances which the association creates, assumes or takes subject to;

(b) A first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent or, in a cooperative, the first security interest encumbering only the unit's owner's interest and perfected before the date on which the assessment sought to be enforced became delinquent; and

(c) Liens for real estate taxes and other governmental assessments or charges against the unit or cooperative.

10. NRS 116.3116(2) further provides that a portion of the Association Lien, up to a maximum of nine months, has priority over even a first security interest [first deed of trust] in the Property:

[the Association Lien] is also prior to all security interests described in paragraph (b) to the extent of any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien[.]

11. Upon information and belief, the Association took the necessary action to trigger the super-priority portion of the Association Lien.

12. Upon information and belief, no party still claiming an interest in the Property recorded a lien or encumbrance prior to the declaration creating the Association.

13. Upon information and belief, EAGLES's bid on the Property was in excess of the amount necessary to satisfy the costs of sale and the super-priority portion of the Association Lien.

14. Upon information and belief, the Association or its agent, distributed or should have distributed the excess funds to lien holders in order of priority pursuant to NRS 116.3114(c).

15. Upon information and belief, HOLDREN had actual or constructive notice of the requirement to pay assessments to the Association and of the Association Lien.

16. Upon information and belief, HOLDREN had actual or constructive notice of the Association's foreclosure proceedings.

17. Upon information and belief, prior to the Association foreclosure sale, no individual or entity paid the <u>full amount</u> of delinquent assessments described in the Notice of Default.

18. Pursuant to NRS 116.31166, the foreclosure sale vested title in Underwood Partners, LLC "without equity or right of redemption," and the Foreclosure Deed is conclusive against the Property's "former owner, his or her heirs and assigns, and **all other persons**."

19. The former owner, PATTIANI's, ownership interest in the Property was extinguished by the foreclosure of the Association Lien.

## FIRST CLAIM FOR RELIEF

**(Declaratory Relief/Quiet Title Pursuant to NRS 30.010, *et. seq.*, NRS 40.10 & NRS 116.3116)**

20. EAGLES repeats and realleges the allegations of paragraphs 1-19 as though fully set forth herein and incorporates the same by reference.

21. Pursuant to NRS 30.010, *et. seq.* and NRS 40.10, this Court has the power and authority to declare EAGLES's rights and interests in the Property and to resolve the Third-Party-Defendants' adverse claims in the Property.

22. EAGLES is entitled to a declaratory judgment from this Court finding that: (1) EAGLES is the title owner of the Property; (2) the Foreclosure Deed is valid and enforceable; (3) the Association foreclosure sale extinguished Third-Party Defendants' ownership and security interests in the Property; and (4) EAGLES's rights and interest in the Property are superior to any adverse interest claimed by Third-Party Defendants.

23 EAGLES seeks an order from the Court quieting title to the Property in favor of EAGLES.

**WHEREFORE**, Third-Party Plaintiff prays this Honorable Court will award the following RELIEF:

1. For an Order Quieting title in favor of EAGLES and for a declaration and determination that EAGLES, LLC is the rightful owner of title to the Property, and that Third-

Party Defendants be declared to have no right, title or interest in the Property.

2. For general and special damages in excess of $10,000.00

3. For an award of attorney's fees and costs of suit; and

4. For any further relief that the Court may deem just and proper.

Dated this 25th day of February, 2016.

THE WRIGHT LAW GROUP, PC

/s/ John Henry Wright
JOHN HENRY WRIGHT, ESQ.
Nevada Bar No. 6182
THE WRIGHT LAW GROUP, PC.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Attorney for NV EAGLES, LLC

**CERTIFICATE SERVICE**

Pursuant to FRCP 5(b), I hereby certify that I am an employee of THE WRIGHT LAW GROUP, P.C. and that on the 26th day of February, 2016, I caused the foregoing **DEFENDANTS UNDERWOOD PARTNERS, LLC AND NV EAGLES, LLC'S ANSWER TO COMPLAINT AND NV EAGLES, LLC'S COUNTERCLAIM FOR QUIET TITLE AND DECLARATORY RELIEF AND NV EAGLES, LLC'S THIRD-PARTY COMPLAINT TO QUIET TITLE**, using the CM/ECF system, which will cause the document to be served upon the following counsel of record:

AKERMAN, LLP

Ariel E. Stern, Esq.          Ariel.stern@akerman.com
Donna Wittig, Esq.            Donna.wittig@akerman.com

For Plaintiff BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP

I further certify that I served a copy of this document by mailing a true and correct copy, thereof, postage prepaid, addressed to:

None.

/s/ Dayana Shakerian
An Employee of The Wright Law Group, P.C.

13