UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>　　　　　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>TRAVATA AND MONTAGE AT SUMMERLIN CENTRE, et al.,<br><br>　　　　　　　　　　　Defendant(s). | Case No. 2:16-CV-345 JCM (GWF)<br><br>ORDER |

Presently before the court is defendant Travata and Montage at Summerlin Centre's (the "HOA") motion to dismiss. (ECF No. 18). Plaintiff Bank of America, N.A. ("BANA") filed a response (ECF No. 31), and defendant filed a reply (ECF No. 32).

**I.　　Introduction**

On February 19, 2016, plaintiff filed a complaint in relation to the May 24, 2013, non-judicial foreclosure sale of the real property at 1887 Hollywell Street, Las Vegas, Nevada. (ECF No. 1). Against the instant defendant, plaintiff asserts the following causes of action: (1) quiet title/declaratory judgment; (2) breach of Nevada Revised Statute ("NRS") § 116.1113's obligation of good faith; and (3) wrongful foreclosure. (*Id.*). As an initial matter, the court understands plaintiff's claims to be based on the May 2013 sale of the underlying real property; therefore, these claims are not time-barred. *See* Nev. Rev. Stat. §§ 11.070, 11.190(3)(a).

**II.　　Legal Standard**

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic

**James C. Mahan**
**U.S. District Judge**

recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

#### a. Mediation requirement

Section 38.310 of the NRS provides, in relevant part:

No civil action based upon a claim relating to [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property . . . or [t]he procedures used for increasing, decreasing or imposing

James C. Mahan
U.S. District Judge

- 2 -

      additional assessments upon residential property, may be commenced in any court in this State unless the action has been submitted to mediation.

Nev. Rev. Stat. § 38.310(1).  Subsection (2) continues, mandating that a "court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1."  Nev. Rev. Stat. § 38.310(2).

      Subsection (1) of NRS 38.330 states that "[u]nless otherwise provided by an agreement of the parties, mediation must be completed within 60 days after the filing of the written claim."  Nev. Rev. Stat. § 38.330(1).  However, while NRS 38.330(1) explains the procedure for mediation, NRS 38.310 is clear that no civil action may be commenced "unless the action has been submitted to mediation."  Nev. Rev. Stat. § 38.310.  Specifically, NRS 38.330(1) offers in relevant part:

> If the parties participate in mediation and an agreement is not obtained, any party may commence a civil action in the proper court concerning the claim that was submitted to mediation.  **Any complaint filed in such an action must contain a sworn statement indicating that the issues addressed in the complaint have been mediated** pursuant to the provisions of NRS 38.300 to 38.360, inclusive, but an agreement was not obtained.

Nev. Rev. Stat. § 38.330(1) (emphasis added).  Moreover, nothing in NRS 38.330 provides that the Nevada Real Estate Division's ("NRED") failure to appoint a mediator within 60 days constitutes exhaustion, nor does the statute place the burden on NRED to complete mediation within a specified period of time.

      There is no indication in this case that the NRED mediation has been completed.  Thus, unless NRED appoints a mediator or the parties agree on one, plaintiff's claims—those that are subject to NRS 38.310—are unexhausted under state law.[1]  This court now proceeds, applying the instant claims to this standard.[2]

      *b.  Quiet title*

      A claim to quiet title is not a civil action under NRS 38.300(3), which states: "The term does not include an action in equity for injunctive relief in which there is an immediate threat of

---

[1] The statute of limitations for any claim submitted to NRED for mediation is tolled until the conclusion of mediation.  *See* Nev. Rev. Stat. § 38.350.

[2] The court declines to apply the equitable principle of laches here because defendant has not adequately shown that its circumstances have changed to the extent that this remedy is warranted.  *See* (ECF No. 18); *see also Cooney v. Pedroli*, 235 P. 637, 640 (1925) ("The disadvantage may come from loss of evidence, change of title, intervention of equities and other causes, but when a court sees negligence on one side and injury therefrom on the other, it is a ground for denial of relief" (quoting *Chase v. Chase*, 20 R. I. 202 (1897))).

James C. Mahan
U.S. District Judge

- 3 -

irreparable harm, or an action relating to the title to residential property." *See, e.g.*, *U.S. Bank, Nat. Ass'n v. NV Eagles, LLC*, No. 2:15-CV-00786-RCJ-PAL, 2015 WL 4475517, at *3 (D. Nev. July 21, 2015) (finding that a lender's claim seeking both quiet title and declaratory relief was exempt from the mediation requirement of NRS 38.310); *see also McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013). Therefore, the HOA's argument for dismissal of plaintiff's quiet title claim fails first because NRS 38.310's exhaustion requirement does not apply to a claim to quiet title.

Next, the HOA contests this claim by offering that the quiet title/declaratory relief claim did not violate plaintiff's right to procedural due process. (ECF No. 18). Here, plaintiff appeared to have actual notice of the risk of foreclosure proceedings, demonstrated by the allegation that "BANA requested a ledger from Travata and Montage, through its agent . . . identifying the super-priority amount allegedly owed to Travata and Montage." (ECF No. 1 at 6). As a result, the Ninth Circuit's decision in *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016) (holding that NRS chapter 116's "opt-in" notice scheme was facially unconstitutional), does alter the present analysis. However, this finding is not sufficient to dismiss the claim because the complaint alleges multiple grounds for its challenge of title. (ECF No. 1).

Next, the HOA asserts that the Supremacy Clause of the United States Constitution is not violated by the non-judicial foreclosure sale. (ECF No. 18). Plaintiff alleged that "[t]he note and the senior deed of trust are insured by the Federal Housing Administration (FHA)." (ECF No. 1 at 4) (emphasis removed). Additionally, plaintiff asserts that "[t]he senior deed of trust is insured pursuant to Single Family Mortgage Insurance Program." (ECF No. 1 at 10).

Under the Property Clause of the United States Constitution, only "Congress shall have the power to dispose of and make all needful rules and regulations respecting the territory or other property belonging to the United States . . . ." U.S. Const. Art. IV, § 3, cl. 2. The Supremacy Clause provides that the "Constitution . . . shall be the supreme law of the land . . . ." U.S. Const. Art. VI, cl. 2. "State legislation must yield under the Supremacy Clause of the Constitution to the interests of the federal government when the legislation as applied interferes with the federal purpose or operates to impede or condition the implementation of federal policies and programs." *Rust v. Johnson*, 597 F.2d 174, 179 (9th Cir. 1979).

In *Rust*, the Ninth Circuit held that a city's foreclosure on property insured by the Federal National Mortgage Association was invalid under the Supremacy Clause. The court reasoned that

upholding the sale "would run the risk of substantially impairing the Government's participation in the home mortgage market and of defeating the purpose of the National Housing Act." *Id.*

On this basis, courts consistently apply federal law, ignoring conflicting state law, when determining rights related to federally owned and insured loans. *United States v. Stadium Apartments, Inc.*, 425 F.2d 358, 362 (9th Cir. 1970) (holding that federal law applies to FHA-insured mortgages "to assure the protection of the federal program against loss, state law to the contrary notwithstanding"); *see also United States v. Victory Highway Vill., Inc.*, 662 F.2d 488, 497 (8th Cir. 1981) (citing Ninth Circuit case law) ("We note that federal law, not [state] law, governs the rights and liabilities of the parties in cases dealing with the remedies available upon default of a federally held or insured loan."). Foreclosure on federal property is prohibited where it interferes with the statutory mission of a federal agency. *See United States v. Lewis Cnty.*, 175 F.3d 671, 678 (9th Cir. 1999) (holding that the state could not foreclose on federal Farm Service Agency property for non-payment of taxes).

Indeed, federal district courts in this circuit have set aside HOA foreclosure sales on property and supremacy clause grounds in cases involving federally insured loans. *Saticoy Bay LLC, Series 7342 Tanglewood Park v. SRMOF II 2012-1 Trust*, No. 2:13-cv-1199-JCM-VCF, 2015 WL 1990076, at *1 (D. Nev. Apr. 30, 2015); *see also Sec'y of Hous. & Urban Dev. v. Sky Meadow Ass'n*, 117 F. Supp. 2d 970, 982 (C.D. Cal. 2000) (voiding HOA's non-judicial foreclosure on HUD property, quieting title in HUD's favor based on property and supremacy clauses); *Yunis v. United States*, 118 F. Supp. 2d 1024, 1027, 1036 (C.D. Cal. 2000) (voiding HOA's non-judicial foreclosure sale of property purchased under veteran's association home loan guarantee program); *Wash. & Sandhill Homeowners Ass'n v. Bank of Am., N.A.*, No. 2:13-cv-01845-GMN-GWF, 2014 WL 4798565, at *6 (D. Nev. Sept. 25, 2014) (holding that property and supremacy clauses barred foreclosure sale where mortgage interest was federally insured).

The single-family mortgage insurance program allows FHA to insure private loans, expanding the availability of mortgages to low-income individuals wishing to purchase homes. *See Sky Meadow Ass'n*, 117 F. Supp. 2d at 980–81 (discussing program); *Wash. & Sandhill Homeowners Ass'n*, 2014 WL 4798565, at *1 n.2 (same). If a borrower under this program defaults, the lender may foreclose on the property, convey title to HUD, and submit an insurance claim. 24 C.F.R. 203.355. HUD's property disposition program generates funds to finance the program. *See* 24 C.F.R. § 291.1.

James C. Mahan
U.S. District Judge

- 5 -

However, the claim to quiet title is not directed at FHA. (ECF No. 1). Plaintiff has offered no reason why it has standing to assert these federal interests and similarly provides no allegation in its complaint explaining the same. Accordingly, this basis for the claim for quiet title is unfounded.

Finally, the HOA attacks the quiet title claim by stating that plaintiff has failed to establish superiority of title. (ECF No. 18). The court finds that the content of this argument is scant and defendant requests this court to adjudicate the essential question in this case here—title—in the present motion to dismiss, which this court declines to do in this particular circumstance. *See Iqbal*, 556 U.S. at 678–79; (ECF No. 18). Therefore, plaintiff's "additional reasons" section of its claim to quiet title sufficiently alleges facts that surmount a motion to dismiss. (ECF No. 1 at 11).

### c. Bad faith

Plaintiff alleges the following regarding its claim for relief under NRS 116.1113:

> If it is determined Travata and Montage's sale extinguished the senior deed of trust notwithstanding the deficiencies, violations, and improper actions described herein, Travata and Montage and its agent['s] . . . breach of their obligations of good faith will cause BANA to suffer general and special damages in the amount equal to the fair market value of the property or the unpaid principal balance of the loan at issue, plus interest, at the time of the HOA sale, whichever is greater. (ECF No. 1 at 13).

Therefore, this claim is a "civil action" under NRS 38.300 due to its pursuit of money damages and is thus subject to mediation under NRS 38.310. *See* Nev. Rev. Stat. § 38.300; *McKnight Family, L.L.P.*, 310 P.3d at 558.

### d. Wrongful foreclosure

"A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P.*, 310 P.3d at 559 (citing *Collins v. Union Fed. Sav. & Loan*, 662 P.2d 610, 623 (Nev. 1983)). "The material issue in a wrongful foreclosure claim is whether 'the trustor was in default when the power of sale was exercised.'" *Turbay v. Bank of Am., N.A.*, No. 2:12–CV–1367–JCM–PAL; 2013 WL 1145212, at *4 (quoting *Collins*, 662 P.2d at 623). "Deciding a wrongful foreclosure claim against a homeowners' association involves interpreting covenants, conditions or restrictions applicable to residential property." *McKnight Family, L.L.P.*, 310 P.3d at 559. "This type of interpretation falls under NRS 38.310." *Id.* Additionally, NRS 38.310 applies to laws "contain[ing] conditions and restrictions applicable to

residential property." *Id.* at 558.  Therefore, mediation must precede this court's analysis of the merits of plaintiff's allegations regarding this claim.

     *e. Special damages (attorneys' fees)*

Finally, the HOA argues that the complaint's requests for attorneys' fees should denied because they are "special damages." (ECF No. 18 at 14).  The court is cognizant that the penultimate page of the complaint asks for "[r]easonable attorneys' fees as special damages and the costs of suit." (ECF No. 1 at 15).  Further, *Horgan v. Felton*, 170 P.3d 982, 983 (Nev. 2007), offers the rule that "in *cases* concerning title to real property, attorney fees are only allowable as special damages in slander of title actions, not merely when a cloud on the title to real property exists." 170 P.3d at 983 (emphasis added).  Clearly, this case involves title to real property.  *See* (ECF No. 1) (including a quiet-title claim).  The Nevada Supreme Court, in *Horgan*, also stated that "attorney fees are [generally] not recoverable absent a statute, rule, or contractual provision to the contrary." *Horgan*, 170 P.3d at 986.  Indeed, plaintiff's complaint does not otherwise indicate the grounds for its request for attorneys' fees.  *See* (ECF No. 1).  Therefore, plaintiff may not request attorneys' fees as special damages in the complaint's current form.

### IV. Conclusion

First, plaintiff's claims of violation of NRS 116.1113 and wrongful foreclosure are dismissed as unexhausted.  Second, plaintiff's request for attorneys' fees as special damages cannot be allowed in the complaint's current form.  Finally, defendant's motion fails as to plaintiff's quiet title/declaratory relief claim.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Travata and Montage at Summerlin Centre's motion to dismiss (ECF No. 18) be, and the same hereby is, GRANTED IN PART and DENIED IN PART, consistent with the foregoing.

DATED March 9, 2017.

                    _____
                    UNITED STATES DISTRICT JUDGE