**James C. Mahan
U.S. District Judge**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:16-CV-345 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| TRAVATA AND MONTAGE AT SUMMERLIN CENTRE, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Bank of America, N.A.'s ("BANA") motion for summary judgment. (ECF No. 36). Defendant NV Eagles LLC ("Eagles") filed a response (ECF No. 46), as did defendant Travata and Montage at Summerlin Centre (the "HOA") (ECF No. 42). BANA submitted replies. (ECF Nos. 67, 68).

Also before the court is the HOA's motion for summary judgment. (ECF No. 37). BANA filed a response (ECF No. 41), and the HOA filed a reply (ECF No. 66).

Also before the court is Eagles' motion for summary judgment.[1] (ECF No. 35). BANA filed a response (ECF No. 40), but no Eagles submitted no reply.

**I.     Introduction**

The instant litigation involves the May 24, 2013, nonjudicial foreclosure sale of the real property at 1887 Hollywell Street, Las Vegas, Nevada 89135. (ECF No. 36).

On May 18, 2011, BANA acquired the senior deed of trust through a recorded assignment of deed of trust, which BANA asserts was covered by Federal Housing Administration ("FHA") mortgage insurance. (ECF Nos. 36, 36-3).

---

[1] A supplement and errata to the motion was also filed by Eagles. (ECF Nos. 38, 39).

On March 31, 2011, the HOA "recorded a notice of delinquent assessment lien against the property," indicating a total amount due of $1,181.00. (ECF Nos. 36 at 3); *see also* (ECF No. 36-4).

On June 28, 2011, the HOA's trustee, Nevada Association Services ("NAS"), recorded a notice of default and election to sell, identifying a total outstanding liability of $2,339.20. (ECF No. 36-5).

On June 24, 2011, counsel wrote a letter on behalf of BANA to NAS, asking for "proof" of sum owed on the super-priority portion of the lien. (ECF No. 36 at 3); *see also* (ECF No. 36-7). BANA did not provide an exact description of the full amount owed on the superpriority lien, but rather gave "a ledger dated July 23, 2011 identifying the total amount allegedly owed to Travata." (ECF No. 36 at 3).

On July 29, 2011, BANA's counsel submitted a "check for $594.00, the sum of nine months of assessments based upon the July 23, 2011 ledger from NAS." (*Id.* at 4).

On April 26, 2013, the HOA recorded a notice of foreclosure sale, and this document identified a total sum due of $6,066.99. (ECF No. 36-6).

On June 6, 2013, NAS recorded a foreclosure deed in favor of Underwood Partners, LLC ("Underwood"). (ECF No. 36-8). On October 18, 2013, Underwood transferred its property interest to Eagles. (ECF No. 35-1).

## II.   Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be

**James C. Mahan**
**U.S. District Judge**

- 2 -

entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.*

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

**III.     Discussion**

This court's March 9, 2017, order granted Travata's motion to dismiss as to plaintiff's claims of wrongful foreclosure and breach of NRS 116.1113. (ECF No. 64). Thus, the only claims remaining in this case are BANA's request for quiet title and claim for injunctive relief as well as Eagles' claim for declaratory relief and quiet title. *See* (ECF Nos. 1, 6).

**James C. Mahan**
**U.S. District Judge**

- 3 -

    *a. Injunctive relief as a claim*

Despite plaintiff's formulation of this request as a claim, injunctive relief is a remedy, not a cause of action. *See, e.g.*, *Ajetunmobi v. Clarion Mortg. Capital, Inc.*, 595 Fed. Appx. 680, 684 (9th Cir. 2014) (citation omitted). Therefore, this claim will be dismissed.

    *b. Quiet title*

BANA presents what has become a common fact pattern before this court: when a deed-of-trust holder attempts tender of a pecuniary amount less than the total sum purportedly due, as indicated by recorded notices, and the tender is rejected prior to an HOA non-judicial foreclosure sale. *See, e.g.*, *Bank of Am., N.A. v. Valley View Meadows Homeowners Ass'n, Inc.*, No. 2:16-cv-275-JCM-CWH, 2017 WL 2870087, at *4–8 (D. Nev. July 5, 2017); *Bank of Am., N.A. v. Ann Losee Homeowners Ass'n*, No. 2:16-cv-407-JCM-CWH, 2017 WL 2192968, at *5 (D. Nev. May 18, 2017); *Bank of Am., N.A. v. Sunrise Ridge Master Homeowners Ass'n*, No. 2:16-cv-00381-JCM-PAL, 2017 WL 1843702, at *5 (D. Nev. May 5, 2017); *see also Nationstar Mortg., LLC v. Maplewood Springs Homeowners Ass'n*, No. 2:15-cv-1683-JCM-CWH, 2017 WL 843177, at *12 (D. Nev. Mar. 1, 2017) (discussing the deed-of-trust holder's pre-foreclosure options to prevent a sale); (ECF Nos. 1, 36).

Indeed, BANA asserts the same arguments in this case that this court has confronted in a variety of other instances, under near-identical facts: (1) that "BANA's [t]ender [d]ischarged the '[s]uper-[p]riority' [l]ien";[2] (2) BANA's due process rights are violated as applied here because of the refusal of the inadequate tender; (3) that *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016), *cert. denied*, No. 16-1208, 2017 WL 1300223 (U.S. June 26, 2017) ("*Bourne Valley*") fatally rendered various portions of Nevada Revised Statute ("NRS") chapter 116 unconstitutional; (4) actual notice is "irrelevant"; (5) BANA incorrectly presumes to have standing to assert a Supremacy Clause challenge based upon the case's potential impact on the Federal Housing Administration ("FHA") insurance program when the FHA is not a party to this case, and its purported interest is not clearly challenged; (6) BANA improperly applies the

---

    [2] Notably, a case to which BANA cites has since been vacated and remanded on other grounds. *See Stone Hollow Ave. Trust v. Bank of Am., Nat'l Ass'n*, 391 P.3d 760 (Nev. 2016); *see also* (ECF No. 36).

**James C. Mahan**
**U.S. District Judge**

restatement approach regarding inadequate sale price and undoing the foreclosure sale; and (7) that *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408 (Nev. 2014), should not be applied retroactively.  (ECF No. 36 at 5–23); *see also, e.g.*, *Valley View Meadows*, 2017 WL 2870087, at *4–8.

There are no material factual differences between the instant case and, to pick just one case mentioned above, *Valley View Meadows*, wherein this court has confronted and adjudicated the arguments that BANA now asserts here.  *See* 2017 WL 2870087, at *4–8; *see also Nationstar Mortg., LLC*, 2017 WL 843177, at *12 (generally discussing pre-foreclosure remedies in the HOA sale context); (ECF No. 36).  Thus, this court will not rule in BANA's favor and will instead grant defendants' motions for summary judgment.

**IV.    Conclusion**

Therefore, for the same reasons offered in, *inter alia*, *Valley View Meadows* and *Ann Losee*, BANA is not entitled to a decree of quiet title on the property.  Instead, title will be quieted in Eagles' favor.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that BANA's motion for summary judgment (ECF No. 36) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the HOA's motion for summary judgment (ECF No. 37) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Eagles' motion for summary judgment (ECF No. 35) be, and the same hereby is, GRANTED, with the caveat that this order does not determine the FHA's interest in the property.

IT IS FURTHER ORDERED that Eagles shall prepare a judgment—*reflecting the aforementioned caveat*—in accordance with this order within seven (7) days of the date of this order.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

1  The clerk shall enter judgment and close the case accordingly.

2  DATED July 26, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -