UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BANK OF AMERICA, N.A.,

                              Plaintiff(s),

v.

TRAVATA AND MONTAGE AT SUMMERLIN CENTRE, et al.,

                              Defendant(s).

Case No. 2:16-CV-345 JCM (GWF)

ORDER

On February 4, 2020, the Ninth Circuit reversed this court's decision granting summary judgment in favor of Travata and Montage at Summerlin Centre Homeowners' Association ("Travata"), Nevada Association Services, Inc. ("NAS"), Underwood Partners, LLC ("Underwood"), and NV Eagles, LLC ("NV Eagles") (collectively "defendants"). (ECF No. 83).

This court found that plaintiff Bank of America, N.A.'s ("BANA") tender of $594—which was the correct calculation of nine months of unpaid assessments—did not discharge the superpriority portion of Travata's lien. (ECF No. 73). This court applied the same reasoning as it had in other cases: tendering less than the full amount due was insufficient to protect the bank's deed of trust, especially when the tendered amount did not include any amount for maintenance or nuisance abatement. *Id.*

The Ninth Circuit reversed, noting that "[u]nder Nevada law, made clear after the decision by the district court, the superpriority portion of a homeowners' association lien under Nev. Rev. Stat. § 116.3116 includes only charges for maintenance or nuisance abatement and nine months' worth of delinquent assessments." (ECF No. 83 at 3). The Ninth Circuit further held that, pursuant to the Nevada Supreme Court's decision in *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d

**James C. Mahan**
**U.S. District Judge**

113, 117–18 (Nev. 2018), "[a] party offering tender may insist that acceptance constitutes payment in full of its obligations, and a homeowners' association does not act in good faith when it rejects tender of the superpriority portion of a lien and demands payment of the entire lien." (ECF No. 83 at 3).

As a result, the court now quiets title in BANA's favor, consistent with the Ninth Circuit's memorandum disposition.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that BANA's motion for summary judgment (ECF No. 36) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Travata's motion for summary judgment (ECF No. 37) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Eagles' motion for summary judgment (ECF No. 35) be, and the same hereby is, DENIED.

The clerk is instructed to enter judgment and close the case accordingly.

DATED February 6, 2020.

_____
UNITED STATES DISTRICT JUDGE